Filed 9/26/23  P. v. Love CA2/4

**<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B319568 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA492005) |
| v. | |
| TRENSES LOVE, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Gustavo N. Sztraicher, Judge.  Affirmed.

Larenda R. Delaini, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Idan Ivri and Theresa A. Patterson, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant and appellant Trenses Love was convicted by a jury of one count of felon in possession of a firearm (Pen. Code, § 29800, subd. (a)).[1]  On appeal from the judgment, defendant claims two evidentiary errors were made during his trial.  He contends the court erred by (1) admitting a redacted copy of a certified California Law Enforcement Telecommunications System (CLETS) rap sheet from the Department of Justice and (2) allowing the prosecutor to impeach him with a 14-year-old felony conviction.  He also challenges the constitutionality of his conviction for being a felon in possession of a firearm following *New York State Rifle & Pistol Ass'n v. Bruen* (November 3, 2021, No. 20-843) ___ U.S. ___ [142 S.Ct. 2111, 213 L.Ed.2d 387] (*Bruen*).  We disagree and affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND
A.    **Prosecution Evidence**

On December 13, 2020, defendant called 911 to report a dispute he was having with his landlord.  During his 911 call, defendant stated two people were standing in front of him.  He added, "One has a sidearm [and] one has a can of mace[,] and I have a firearm in my backpack."

Los Angeles Police Department Officer Victor Abarca responded to the apartment complex and contacted defendant, who was wearing a backpack.  After hearing defendant had been carrying a firearm in his backpack, Officer Abarca took the backpack with defendant's cooperation and placed it in his patrol car.  Officer Abarca settled the landlord-tenant dispute, retrieved defendant's backpack, and asked defendant if he could search it.

---

[1]      Subsequent references to statutes are to the Penal Code.

2

With defendant's consent, Officer Abarca opened the backpack and found a loaded .40-caliber semiautomatic firearm.[2]

Maria Carranza, a legal office support assistant with the Los Angeles County District Attorney's office, testified she had requested and received from the Department of Corrections a certified copy of defendant's 969b packet.[3]  Carranza also obtained a certified CLETS rap sheet from the Department of Justice, which provided a "criminal history record" for defendant.

Based on defendant's 969b packet, Carranza testified that defendant had suffered a prior felony conviction in August 2005 for possession of cocaine base for sale (Health & Saf. Code, § 11351.5).  Based on the CLETS rap sheet, Carranza confirmed defendant's prior conviction in 2005 and the date of defendant's arrest in this case:  December 13, 2020.

## B.    <u>Defense Evidence</u>

Before discussing the facts of this case, defendant testified he had previously been convicted of theft by access card (§ 484g) on September 30, 2008.  He then testified that between January and March 2020, the mother of defendant's youngest daughter made "some murder-suicide threats and threatened to hurt

---

[2]    The firearm had seven live rounds in the magazine but did not have a round in the chamber.

[3]    Section 969b provides:  "For the purpose of establishing prima facie evidence of the fact that a person being tried for a crime or public offense under the laws of this State has been convicted of an act punishable by imprisonment in a state prison, . . . and has served a term therefor in any penal institution, . . . the records or copies of records of any state penitentiary, . . . when such records or copies thereof have been certified by the official custodian of such records, may be introduced as such evidence."

3

herself and hurt [his] child" with an unregistered firearm. At a family gathering on March 7, 2020, defendant took the firearm and placed it in his backpack. Defendant returned home and called the police to report the threatening statements and "how [he] got the firearm and that [he] had it." When officers responded to his home, defendant tried to relinquish the firearm to the police. The officers told defendant to "hold onto it" until someone reported it missing. Defendant did not inform the officers he was a convicted felon or that the firearm was not registered to him. Not knowing "what to do" with it, defendant left the firearm in his apartment, "out of reach, [and] out of mind." Defendant made no attempt to surrender the firearm between March and December 2020.

Defendant testified that before police responded to the landlord-tenant incident on December 13, 2020, defendant's landlord and three other people bagged up his belongings and threw them out of defendant's apartment. The items thrown outside included defendant's backpack and the .40-caliber firearm inside it. Fearful the firearm would fall into the wrong hands, defendant grabbed his backpack knowing what was inside.

On cross-examination, defendant admitted his backpack contained the firearm, some of his mail, and a phone charger that he used every day. As a convicted felon, defendant knew he was legally prohibited from possessing a firearm.

## C.   **Affirmative Defenses and Verdict**

For the charged offense of felon in possession of a firearm, the jury was instructed that it could only convict defendant upon proof beyond a reasonable doubt that he (1) possessed a firearm; (2) knew that he possessed the firearm; and (3) previously was

4

convicted of a felony. However, if defendant proved "the defense of momentary or transitory possession," the "possession was not unlawful."

For momentary possession, defendant was required to prove (1) he possessed the firearm "only for a momentary or transitory period"; (2) he possessed the firearm to abandon, dispose, or destroy it; and (3) he did not intend to prevent law enforcement from seizing the firearm. (CALCRIM No. 2510.) For justified possession, defendant was required to prove (1) he found the firearm or took it "from a person who was committing a crime against" him; (2) he possessed the firearm "no longer than was necessary to deliver or transport" it to law enforcement for disposal; and (3) if he was transporting the firearm, he gave prior notice to law enforcement he would be delivering it for disposal. (*Ibid.*)

By general verdict, the jury found defendant guilty of felon in possession of a firearm.

## DISCUSSION

### A. Claims of Evidentiary Error

Defendant raises two claims of error under Evidence Code section 352. He contends (1) the court erroneously admitted a redacted copy of the CLETS rap sheet, and (2) the court should have precluded his impeachment with a 14-year-old felony conviction. Under section 352, the trial court has discretion to exclude otherwise admissible evidence "if its probative value is substantially outweighed by the probability that its admission will (a) necessitate undue consumption of time or (b) create substantial danger of undue prejudice, of confusing the issues, or of misleading the jury." A trial court's exercise of discretion

5

under section 352 will not be disturbed unless it is shown that it resulted in a manifest miscarriage of justice. (*People v. Jones* (1998) 17 Cal.4th 279, 304.) As we shall discuss, we find no abuse of discretion in the court's rulings.

1. *Relevant Proceedings*

During Carranza's testimony, the prosecution sought to introduce a 969b packet certified by the Department of Corrections and Rehabilitation summarizing "a chronological history that explains the movement of [defendant as an] inmate . . . ." Outside the presence of the jury, defense counsel objected to the packet as irrelevant. Finding the packet relevant to defendant's prior conviction, the court overruled the objection but cautioned the prosecutor not to draw attention to defendant's time served in prison. Upon accepting the court's ruling, the prosecutor stated he intended to introduce a CLETS rap sheet, which listed the date of arrest in this case, "for the purpose of identification." Defense counsel objected, "[I]t's 352 and unnecessary." The court overruled the objection but noted, "[W]e'll make every attempt to avoid highlighting or showing the jury that the defendant served time in prison because it does seem more prejudicial than probative." The prosecutor stated he was amenable to redacting both the 969b packet and CLETS rap sheet.

Carranza testified the 969b packet contained a certified abstract of judgment for defendant's felony conviction on August 16, 2005, for possession of cocaine base for sale (Health & Saf. Code, § 11351.5). When the prosecutor inquired about another abstract of judgment, defense counsel objected. At a sidebar conference, counsel objected to the prosecutor's question:

6

"[Y]our honor already ruled that . . . one conviction was going to suffice, and I thought that the prosecution was going to introduce the theft conviction" from 2005.  Counsel also raised "352 grounds because it's one conviction on a slew of convictions."  The court sustained the objection under Evidence Code section 352, finding the evidence was "all basically the same type of proof."  The court added, "[I]t doesn't really add anything to the People's case but, rather, might prejudice the defense.  So [the] People will be permitted to introduce one felony conviction."

Following the sidebar, Carranza testified she had obtained a CLETS rap sheet from the Department of Justice.  After the prosecutor marked the certified rap sheet as an exhibit, the court excused the jury for the day.  Remaining on the record, the parties entered into a stipulation addressing "the necessary redactions" they had discussed previously.  The parties stipulated "that, for the purpose of . . . creating the agreed-upon and stipulated redactions," the prosecutor would take the 969b packet and CLETS rap sheet out of the courtroom and substitute redacted versions in place of the versions previously submitted as exhibits.

Before continuing witness testimony the following day, the court accepted the prosecutor's redacted versions of the 969b packet and CLETS rap sheet.  It also admonished counsel that "if the redactions are obvious, I'm going to just advise counsel to be wary about not implying . . . in any way that the redactions mean anything."

At the conclusion of the People's case-in-chief, the prosecutor moved to admit exhibits he had marked during trial.  Defense counsel agreed to admitting all marked exhibits except

7

the CLETS rap sheet, which he argued was lacking in foundation. The court overruled the objection.

Before defendant's case-in-chief, defense counsel inquired: "[I]f [defendant] were to testify, I'd ask for an indicat[ion] as to what, if any, priors would be allowed." In response, the prosecutor identified three prior convictions: (1) the conviction on August 16, 2005, for possession of cocaine base for sale (Health & Saf. Code, § 11351.5), previously admitted for substantive proof in the prosecutor's case-in-chief; (2) a conviction on February 14, 2008, for possession of cocaine base for sale (*ibid.*); and (3) a conviction on September 30, 2008, for theft by access card (§ 484g).[4] Defense counsel objected to the latter two convictions "as to age . . . and also under 352 grounds." The court overruled the objection in part. While it found admission of the February 2008 conviction to be cumulative in light of the 2005 conviction for the same offense, the court found the September 2008 conviction for theft by access card relevant to defendant's truthfulness. It further found that the probative value of the theft conviction outweighed the prejudice it might cause.

In his direct examination, defendant acknowledged his prior convictions in 2005 for "possession for sales of cocaine" and in 2008 for "theft by access card." Following this testimony, the

---

[4]     Section 484g provides, inter alia, that any "person who, with the intent to defraud, (a) uses, for the purpose of obtaining money, goods, services, or anything else of value, an access card or access card account information that has been altered, obtained, or retained in violation of Section 484e or 484f, or an access card which he or she knows is forged, expired, or revoked, or (b) obtains money, goods, services, or anything else of value by representing without the consent of the cardholder that he or she is the holder of an access card and the card has not in fact been issued, is guilty of theft."

8

prosecutor did not attempt to impeach defendant with a prior conviction(s).

　　2.　　*Admission of the Redacted Rap Sheet*

Defendant mounts a two-pronged attack on the admission of the redacted version of the CLETS rap sheet. He contends (1) the rap sheet was cumulative of the 969b packet, and (2) the error was prejudicial because the redactions themselves "informed the jury" he had a lengthy criminal history.

As to his first argument, defendant concedes the prosecution bore the burden of proving he had been convicted of a felony as an element of possession of a firearm by a felon (§ 29800, subd. (a)(1)). To meet its burden, the prosecution may introduce "several types of evidence," including certified copies of prison records (§ 969b) and CLETS rap sheets (Evid. Code, §§ 1280, 1530–1531). (*People v. Martinez* (2000) 22 Cal.4th 106, 112, 116 (*Martinez*); *People v. Brucker* (1983) 148 Cal.App.3d 230, 241.)

Despite its admissibility, defendant contends the CLETS rap sheet was cumulative to the previously admitted 969b packet. While we agree Evidence Code section 352 allows the court to limit the introduction of cumulative evidence or repetitive questioning of witnesses (*People v. Mincey* (1992) 2 Cal.4th 408, 439), the CLETS rap sheet was also offered to establish defendant's identity in this case. "The plain meaning of cumulative as 'repetitive' or 'additional' [citations] obviously implies in this context that other evidence on the point at issue has already been introduced." (*People v. Filson* (1994) 22 Cal.App.4th 1841, 1850, disapproved on another ground in *People v. Martinez* (1995) 11 Cal.4th 434.)

Here, when the trial court issued its ruling, the prosecutor had not introduced any evidence demonstrating the date of defendant's arrest in this case. By associating defendant's name and personal information with the date of arrest in this case *and* a prior conviction, the CLETS rap sheet was highly probative on defendant's identity. The evidence tended to prove that the same person arrested for felon in possession of a firearm in this case also suffered a prior conviction in 2005. (See *Martinez*, *supra*, 22 Cal.4th at p. 118 ["the justifications for limiting proof of the substance of a prior conviction do not apply to proof of the matter at issue here, i.e., the identity of the person who served prison terms for the prior convictions"]; *Monroy v. City of Los Angeles* (2008) 164 Cal.App.4th 248, 267 ["virtually identical evidence may not be cumulative if there is significance to the evidentiary weight to be given"].) This issue having yet to be proved by other competent evidence, the CLETS rap sheet cannot be construed as cumulative.

Defendant's second argument is that the jury considered the redactions appearing in the CLETS rap sheet "for the improper purpose of determining that [he] is the type of person who would engage in criminal activity." Defendant not only failed to object on this ground at trial, but his counsel stipulated to the redacted version. "Under the circumstances, he may not now be heard to complain, because 'when a party enters into a voluntary stipulation, he generally is precluded from taking an appeal claiming defects in the stipulation.' [Citations.]" (*People v. Seumanu* (2015) 61 Cal.4th 1293, 1328; see also *People v. Alvarez* (1996) 14 Cal.4th 155, 186 ["'It is, of course, "the general rule"'—to which we find no exception here—'"that questions relating to the admissibility of evidence will not be reviewed on

appeal in the absence of a specific and timely objection in the trial court on the ground sought to be urged on appeal"'"]; Evid. Code, § 353, subd. (a).) Even on the merits, defendant cannot base his claim of error on speculation or conjecture as to what the jury might have understood the redactions to mean. (See *People v. Wright* (1985) 39 Cal.3d 576, 585 ["the purported prejudice . . . cannot be based on mere speculation and conjecture"].) Thus, the court did not abuse its discretion by admitting a redacted copy of defendant's rap sheet.

### 3. *Impeachment with Prior Conviction*

Defendant also challenges the trial court's ruling regarding the admissibility of his prior conviction in 2008 for purposes of impeachment. In light of the court's rulings, and in an apparent attempt to preempt any impeachment during cross-examination, defendant admitted he had suffered the prior conviction during his case-in-chief. He now contends the trial court erred under Evidence Code section 352 by permitting impeachment with his 2008 conviction. We disagree.

"No witness including a defendant who elects to testify in his own behalf is entitled to a false aura of veracity." (*People v. Beagle* (1972) 6 Cal.3d 441, 453 (*Beagle*), abrogated on another ground by *People v. Diaz* (2015) 60 Cal.4th 1176, 1190–1191; accord, *People v. Clark* (2011) 52 Cal.4th 856, 932 (*Clark*).) "For the purpose of attacking the credibility of a witness, it may be shown . . . that he has been convicted of a felony." (Evid. Code, § 788.) But "when [Evidence Code] sections 788 and 352 are read together they clearly provide discretion to the trial judge to exclude evidence of prior felony convictions when their probative

11

value on credibility is outweighed by the risk of undue prejudice." (*Beagle*, *supra*, at p. 453.)

In exercising its discretion under Evidence Code section 352, a trial court should consider several factors, "namely, (1) whether the prior conviction reflects on honesty and integrity; (2) whether it is near or remote in time; (3) whether it was suffered for the same or substantially similar conduct for which the witness-accused is on trial; and, (4) finally, what effect admission would have on the defendant's decision to testify." (*People v. Castro* (1985) 38 Cal.3d 301, 307.) These factors are not "rigid standards" that must be applied but are merely suggested factors to be considered. (*Ibid.*; accord, *Beagle*, *supra*, 6 Cal.3d at p. 453.) "Because this discretion is broad, 'a reviewing court ordinarily will uphold the trial court's exercise of discretion.' [Citation.]" (*People v. Anderson* (2018) 5 Cal.5th 372, 407.)

We find no abuse of discretion in the court's consideration of these factors. Defendant recognizes all but one factor favor admission of his prior conviction. He admits his prior conviction for theft by access card (§ 484g) is a crime bearing on his honesty and integrity. (See *People v. Carkhum-Murphy* (2019) 41 Cal.App.5th 289, 297; *People v. Wheeler* (1992) 4 Cal.4th 284, 297.) His prior conviction was for substantially dissimilar conduct and did not affect his decision to testify. (See *People v. Fries* (1979) 24 Cal.3d 222, 230 [risk of undue prejudice occurs when the prior conviction "is similar or identical to the crime charged"]; *People v. Mendoza* (2000) 78 Cal.App.4th 918, 926 [last factor "has no application in this case because defendant actually took the stand"].)

Defendant contends the court should have excluded his prior conviction, suffered "nearly 14 years before [his] trial for the instant offense," because it was too remote in time. Though we agree defendant's 14-year-old conviction could be characterized as remote, the possibility another court might have excluded the prior conviction due to its remoteness "reveals nothing more than that a reasonable difference of opinion was possible." (*People v. Clair* (1992) 2 Cal.4th 629, 654.) We cannot say the court abused its discretion in reaching a different result, given that other factors weighed in favor of admission. (Accord, *ibid.* [upholding exclusion of 22-year-old prior conviction as remote even though "another court might have concluded otherwise"]; *People v. Johnson* (1987) 193 Cal.App.3d 1570, 1574–1575, 1577 [10-year-old conviction not too remote]; *People v. DeCosse* (1986) 183 Cal.App.3d 404, 411–412 [12-year-old conviction not too remote].)

When issuing its ruling in this case, the court carefully limited the number and class of crimes that could be used for impeachment. The court's ruling reveals its concern with the prejudicial effect of prior conviction evidence and its probative value. "It also shows that the court engaged in a weighing process in deciding which prior felony conviction to admit and in what manner to admit it." (*People v. Little* (2012) 206 Cal.App.4th 1364, 1379.) In view of the court's ruling, we discern no abuse in the court's exercise of discretion.

### 4. *Prejudice*

Despite our conclusions above, and assuming the court erred in both respects, we further conclude any error was harmless. Error in the admission of prior crimes evidence under Evidence Code section 352 is reviewed under *People v. Watson*

13

(1956) 46 Cal.2d 818, 836, which mandates reversal for evidentiary error on a showing by defendant that it was reasonably probable a result more favorable to him would have resulted had the evidence not been admitted. (*People v. Cudjo* (1993) 6 Cal.4th 585, 611; *People v. Welch* (1999) 20 Cal.4th 701, 750.)

Defendant never denied the factual basis on which his conviction in this case was based. Instead, he admitted to (1) possessing the firearm found in his backpack; (2) knowing he possessed the firearm; and (3) suffering prior convictions in 2005 and 2008. Defendant has acknowledged both at trial and in this appeal that these facts prove his culpability for felon in possession of a firearm beyond a reasonable doubt. (Accord, *Clark*, *supra*, 52 Cal.App.5th at p. 958.)

Defendant contends the erroneous rulings impaired his credibility by implying he "is the type of person who would engage in criminal activity." We do not agree.

Even accepting defendant's testimony as true, that testimony failed to establish findings for his affirmative defenses. Defendant never offered evidence tending to prove justified possession based on taking the firearm from his daughter's mother for crimes she was committing against him. (§ 29850, subd. (a)(1) [justified possession requires taking a firearm "from a person who was committing a crime against the person who found or took the firearm"].) Nor did defendant offer evidence tending to prove momentary possession; in fact, defendant admitted he possessed the firearm for more than nine months. (§ 29850, subd. (a)(2) [momentary possession requires possession "no longer than was necessary to deliver or transport the firearm to a law enforcement agency"]; see *People v. Hurtado* (1996) 47

14

Cal.App.4th 805, 814 ["as a matter of law, defendant's [two-day] possession of the firearm cannot be characterized as momentary"].)

In addition, the jury was instructed on the limited use of defendant's prior convictions. They were given CALCRIM No. 2510, which provided the jury could consider any prior conviction only in deciding whether the third element of the instant crime was proved "or for the limited purpose of evaluating the credibility of the witness testimony." Absent any evidence to the contrary, we presume the jury followed this instruction. (*People v. Fayed* (2020) 9 Cal.5th 147, 192.) Thus, assuming any error in admitting the prior conviction evidence, we discern no prejudice.

**B.** **Conviction for Unlawful Possession by a Felon is Constitutional**

Finally, defendant contends his conviction for felon in possession of a firearm (§ 29800, subd. (a)(1)) violates the Second Amendment of the United States Constitution as recently discussed in *Bruen, supra,* ___ U.S. ___, [142 S.Ct. 2111, 213 L.Ed.2d 387].

Our colleagues in Division Eight and the Fourth Appellate District rejected this argument, finding section 29800 constitutionally valid in view of *Bruen*. We adopt the reasoning set forth in these cases and also conclude that the "statute is constitutional." (*People v. Odell* (2023) 92 Cal.App.5th 307, 317 [recognizing "the Second Amendment has boundaries," including "longstanding prohibitions on the possession of firearms by felons"]; accord, *People v. Alexander* (2023) 91 Cal.App.5th 469, 474–479 [defendant's "challenges to the constitutionality of

15

section 29800(a)(1) and section 30305(a)(1) under the Second Amendment fail under the first step of *Bruen*'s analytical framework"].)

## DISPOSITION

The judgment is affirmed.

MORI. J

We concur:

COLLINS, Acting P. J.

ZUKIN, J.